UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JOHN ELI BOWMAN,

    Plaintiff,

v.

UNITED STATES DEPT. OF DEFENSE,
CHARLES AND RICHARD, et al.,

    Defendants.

Civil Action No. 5: 24-157-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Eli Bowman is a resident of Irvine, Kentucky,[1] and is proceeding *in forma pauperis*. The Court must review his civil rights complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the proceedings, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Bowman indicates in his complaint he seeks $10 million in damages for a series of cryptically referenced and unrelated events. These include the wrongful death of his biological uncle, an assault upon him that occurred in Washington, D.C., and an attempt to "frame [him] for murder of Eliza Turner." [R. 1 at 4, 16-34]. Bowman identifies nearly two dozen named defendants, each of whom he indicates is either a local law enforcement officer, works for the United States Department of Defense, or is a member of the armed services. Ascertaining the nature of Bowman's allegations and claims is complicated by the fact that he has completed and filed two separate complaint forms

---

[1] Bowman is currently confined at the Three Forks Regional Jail in Beattyville, Kentucky. Public records (available here: https://kcoj.kycourts.net/CourtNet/Search/Index) indicate that he is the defendant in several criminal prosecutions in Estill and Rowan counties.

related to the same set of operative facts.  *See* [R. 1 at 1-6; R. 1 at 7-15]  Bowman alleges that either in 2016 or February 2022 he was assaulted using a "direct energy" weapon using microwaves, perhaps involving the use of "mind control" equipment.  [R. 1 at 6, 10-11]  Bowman also alleges that he either filed a prior lawsuit regarding his concerns or contacted the United States Department of Justice about them.  *See id.* at 10, 15.

The United States Supreme Court long ago established that "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).  The Court has thoroughly reviewed the allegations contained in Bowman's complaint and concludes that it must be dismissed for this reason.  The complaint is also subject to dismissal for its failure to connect discrete factual allegations to discernible legal claims asserted against a clearly-identified defendant.  *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant."); *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.").

Accordingly, it is **ORDERED** as follows:

1. Plaintiff John Eli Bowman's Complaint [R. 1] is **DISMISSED**.

2. This matter is **STRICKEN** from the docket.

Entered:  June 21, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY